**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MUHAMMAD RIVERS,

                              Petitioner,

            - v -                              Civ. No. 9:08-CV-107
                                                           (TJM/RFT)

JOSEPH J. COSTELLO,

                              Respondent.

**APPEARANCES:**                         **OF COUNSEL:**

MUHAMMAD RIVERS
Petitioner, *Pro Se*
05-B-1958
Mid-State Correctional Facility
P.O. Box 2500
Marcy, NY 13403

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      Presently before this Court is Petitioner's Motion for a Preliminary Injunction. Dkt. No. 4.

On January 29, 2008, Petitioner filed a Petition for a Writ of *Habeas Corpus*. Dkt. No. 1. By his

Petition, Petitioner challenges his 2005 conviction for course of sexual conduct against a child in

the second degree on the grounds of prosecutorial misconduct, improper amendment to the Bill of

Particulars, unknowing and/or involuntary plea due to incompetency, and ineffective assistance of

counsel. *See id.*

      In his Motion for a Preliminary Injunction, Petitioner argues that because his sentence is to

be completed on July 15, 2008, his Petition should be decided expeditiously in order to prevent the

imposition of post-release community registration requirements and travel restrictions. Dkt. No. 4.

In support of his Motion for a Preliminary Injunction, Petitioner offers only a short letter that asserts his innocence, requests that the injunction be granted, and refers the Court to the Exhibits attached to his original *habeas* Petition. *Id*. Those Exhibits include a personal affidavit, a memoranda in support of his § 440 motion, the decision and order denying his § 440 motion, and various police and social worker reports concerning the sexual abuse for which he was convicted.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi*, 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Covino*, 967 F.2d at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Johnson v. Connolly*, 2008 WL 268331, at *3 (N.D.N.Y. Jan. 30, 2008).

Assuming, *arguendo*, that Petitioner has satisfied the first element of the above standard, he must still make a showing of a likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking relief. Petitioner offers no memorandum of law nor any other argument concerning the likelihood of his success on the merits beyond conclusory statements of his innocence.

Therefore, after due consideration, the Court finds that Petitioner has failed to demonstrate that he has either a likelihood of succeeding on the merits of his claims or sufficiently serious questions going to the merits of such claims and a balance of hardships tipping decidedly toward him.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Motion for a Preliminary Injunction (Dkt. No. 4) be **denied**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   March 21, 2008
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge