UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUHAMMAD RIVERS,

                                Petitioner,

      v.                                                                 9:08-cv-107

JOSEPH J. COSTELLO,

                                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Petitioner Muhammad Rivers commenced this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. The Court referred this matter to the Hon. Randolph F. Treece, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). On January 30, 2008, Petitioner filed a Motion for Preliminary Injunction, which is now before the Court.

        The Magistrate Judge recommended that the Court deny the Motion for Preliminary Injunction. Report-Recommendation (March 21, 2008). In denying Petitioner's request, the Magistrate Judge concluded that even if the Petitioner could show irreparable harm, he failed to demonstrate a likelihood of success on the merits or sufficiently serious questioning of the merits. Report-Recommendation at 2; see also Covino v. Patrissi, 967 F.2d 73, 77 (2d Cir. 1992).

        Petitioner filed objections to the Report-Recommendation. When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de*

*novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having reviewed the record *de novo* and having considered the issues raised in Plaintiff's objections, the Court adopts the recommendation for the reasons stated therein.

Petitioner further is unlikely to succeed on the merits because he pled guilty to the underlying offense. On April 13, 2005, Petitioner pled guilty to a Course of Sexual Conduct Against a Child in the Second Degree, in violation of N.Y. Penal Law § 130.80. Thus, Petitioner cannot demonstrate a balance of hardships tip toward himself.

For the foregoing reasons, Petitioner's Motion for Preliminary Injunction is **DENIED**.

IT IS SO ORDERED.

Dated:   August 1, 2008

Thomas J. McAvoy
Senior, U.S. District Judge