**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**MUHAMMAD RIVERS,**

                              **Petitioner,**

          **-v-**                                              **9:08-CV-107**
                                                               **(TJM/RFT)**

**JOSEPH J. COSTELLO,**

                              **Respondent.**

**APPEARANCES:**                              **OF COUNSEL:**

**MUHAMMAD RIVERS**
**10 Rutherford Street**
**Binghamton, New York 13901**


**HON. ANDREW M. CUOMO**                       **ALYSON J. GILL, ESQ.**
**Attorney General for the State of New York**   **Assistant Attorney General**
**Attorney for Respondent**
**120 Broadway**
**New York, New York 10271**

**THOMAS J. MCAVOY**
**Senior United States District Judge**

## DECISION AND ORDER

        Presently before the Court are Petitioner Muhammad Rivers' Motion for a Preliminary

Injunction, filed on March 30, 2009 (Dkt. No. 22) and Supplemental Motion for a Preliminary

Injunction, filed April 13, 2009.  Dkt. No 23. The Supplemental Motion consists of one new page

of arguments in support of Petitioner's request for a preliminary injunction, and an identical copy

of the Motion originally filed on March 30, 2009.  *See* Dkt. No. 23. For the reasons that follow,

Petitioner's motions are denied.

        Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on

January 29, 2008 in which he challenges his 2005 conviction of second degree course of sexual conduct against a child. *See* Dkt. No. 1, Dkt. No. 6, Order, at 2.  On August 19, 2008, the Attorney General for the State of New York, acting on behalf of Respondent, filed an Answer and Memorandum of Law in response to the petition along with relevant state court records.  *See* Dkt. Nos. 15-17.

In his Motion for a Preliminary Injunction (Dkt. No. 22), Petitioner asks the Court to order the "Department of criminal justice and any and all other services to stop all action pertains [sic] to notification of and information pertaining to the false arrest and conviction of the Petitioner." *Id.* at 2. Petitioner states that he has filed this motion "to expound on" a prior motion and to demonstrate the likelihood of success on the merits of "his argument pending final [sic] hearing." *Id.* at 1.[1] In support of his motion, Petitioner claims that: (1) the evidence was not sufficient to support the indictment because it was based upon false statements; (2) he has not forfeited the right to challenge the court's jurisdiction or to raise constitutional issues by virtue of his guilty plea; (3) he was held in custody for ten months without psychological treatment and medication; (4) counsel was ineffective; (5) he was not competent to stand trial because he suffered from a mental defect; and (6) Respondent admitted that a statement made by the victim's mother was not turned over to Petitioner until after he was convicted, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Dkt. No. 22 at 1-2, ¶¶3(C)(a)-(e). He also refers the Court to exhibits filed with his habeas petition, as well as to prior motions filed with the Court. *Id.* at 1-2.

In his Supplemental Motion (Dkt. No. 23), Petitioner further argues that he suffers from

---

[1]On January 30, 2008, Petitioner filed a Motion for a Preliminary Injunction.  Dkt. No. 4.  On March 21, 2008, Magistrate Judge Randolph F. Treece recommended that the motion be denied. Dkt. No. 7. The Report and Recommendation was adopted on August 1, 2008, and Petitioner's motion was denied. Dkt. No. 14.

continuous irreparable harm because he is required to "register as a sex offender and deal with the prejudice of the general public." Dkt. No. 23 at 1.[2] Petitioner also argues that Respondent has admitted that Petitioner was wrongfully arrested, indicted and convicted in his submissions to the Court. *Id.* at 1. Petitioner asks that the Court issue a preliminary injunction preventing the "New York Department of Criminal Justice Services" and local government from requiring him to comply with the registration requirements for sex offenders until his habeas petition has been decided. Dkt. No. 23 at 1.

A district court may grant a preliminary injunction if the moving party establishes "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor. " *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)(quoting *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004)(quoting *Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)). *See Munaf v. Green*, 128 S. Ct. 2207, 2219 (2008)("a party seeking a preliminary injunction must demonstrate, among other things, 'a likelihood of success on the merits.' ")(quoting *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 428 (2006)(further citations omitted).

Initially, the relief Petitioner seeks is not related to the claims in his amended habeas petition. *See Chavis v. Ryan*, No. 05-CV-100, 2007 WL 446440, at *1-2 (N.D.N.Y. Feb. 7, 2007)(Scullin, S.J.)(citation omitted). Further, except in limited circumstances that are not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* FED. R.

---

[2]New York's Sex Offender Registration Act (SORA) contains the registration requirements pertaining to those convicted of certain enumerated sex offenses. N.Y. CORR. LAW § 168 *et seq.*

Cɪᴠ. P. 65(d); *Chavis,* 2007 WL 446440, at *2. Petitioner requests an order enjoining the

Department of Criminal Justice Services and local government from requiring him to follow

registration requirements for sex offenders pending resolution of his habeas petition.  Dkt. No. 23

at 1. The Department of Criminal Justice Services and local government are not, however, parties

to the underlying habeas proceeding. Thus, this Court may not issue an injunction in this action

with respect to any actions of  those  parties.  *See Ariola v. LaClair*, No. 07-CV-0057, 2007 WL

1026365, at *1 (N.D.N.Y. Apr. 2, 2007)(Sharpe, J.)(denying motion for a preliminary injunction

against the New York State Division of Parole because the relief sought was unrelated to the

grounds set forth in the habeas petition, and the Division of Parole was not a party to the habeas

action).

Moreover, the irreparable harm Petitioner alleges is that by registering, he will have to

deal with prejudice of the general public.  Dkt. No. 23 at 1. The impact on Petitioner of

registration "is diminished  by the fact that his conviction is already a matter of public record"

and thus there is no guarantee that, even absent the requirement that he register, Petitioner

"would  be able to keep his criminal record a secret." *Stevenson v. State and Local Police*

*Agencies*, 42 F. Supp. 2d 229, 232 (W.D.N.Y. 1999)(denying petitioner's request for a

preliminary injunction to enjoin enforcement of New York's Sex Offender Registration Act

pending resolution of his habeas petition filed shortly before his release from custody, finding

that the public's interest in the safety of its citizens outweighed harm alleged by petitioner

resulting from dissemination of information regarding his conviction, and because the petitioner

was not likely to succeed on the merits).

Even assuming, *arguendo*, that Petitioner could show irreparable harm, he must still show

that there is a likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward him.  Petitioner's argument concerning the likelihood of success on the merits, aside from re-stating the arguments in his habeas petition, appears to be that Respondent has admitted he was wrongfully convicted.  Dkt. No. 23 at 1. To the contrary, a review of Respondent's Answer and Memorandum of Law reveal that Respondent has argued that Petitioner's claims are either waived, procedurally barred, not cognizable on habeas review or lack merit and that his habeas petition must therefore be dismissed.  *See* Dkt. No. 15 (1) Answer; (2) Memorandum of Law at 9-24.

Finally, Petitioner pleaded guilty to the underlying offense in this case.  On April 13, 2005, Petitioner pleaded guilty to a Course of Sexual Conduct Against a Child in the Second Degree, in violation of N.Y. Penal Law § 130.80.  In light of his guilty plea, Petitioner cannot demonstrate a balance of hardships tipped in his favor.

**WHEREFORE**, for the foregoing reasons, it is

**ORDERED**, that Petitioner's Motion for a Preliminary Injunction (Dkt. No. 22) and his Supplemental Motion for a Preliminary Injunction (Dkt. No. 23) are **DENIED**; and it is

**ORDERED,** that the Clerk of the Court serve a copy of this Order on Petitioner and Respondent in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:June 17, 2009

Thomas J. McAvoy
Senior, U.S. District Judge

5