**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MUHAMMAD RIVERS,

                                   Petitioner,

                 - v -                                          Civ. No. 9:08-CV-0107
                                                                        (TJM/RFT)
JOSEPH J. COSTELLO,

                                   Respondent.

**APPEARANCES:**                                  **OF COUNSEL:**

MUHAMMAD RIVERS
Petitioner, *Pro Se*
3 Matis Street, Apt. 6
Binghamton, NY 13903

HON. ERIC T. SCHNEIDERMAN                          ALYSON J. GILL, ESQ.
New York State Attorney General                    Assistant Attorney General
Attorney for Respondent
120 Broadway
New York, NY 10271

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        Petitioner Muhammad Rivers, acting *pro se*, commences this action seeking *habeas corpus*

relief pursuant to 28 U.S.C. § 2254.  Rivers asserts the following grounds in support of his Petition:

(1) prosecutorial misconduct from failing to disclose *Brady* material and from submitting knowingly

false evidence before the grand jury; (2) amendments to the indictment rendered it unconstitutionally

insufficient; (3) guilty plea was invalid because of Petitioner's incompetence; and (4) ineffective

assistance of counsel.  Dkt. No. 1, Pet.  For the reasons set forth below, this Court recommends that

Rivers's Petition be **denied**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In December 2002, M.T.,[1] who was then seven years old, told a school teacher that Petitioner, her stepfather, had sexual contact with her on numerous occasions.  *See* Dkt. No. 17-11, State Court R. [hereinafter "R."], Pet'r's App. for Leave to Appeal, at p. 1 (reproduced and attached to Dkt. No. 1, Pet.).  M.T. was interviewed by the Department of Social Services Child Protective Services and the Broome County District Attorney's Office.  *Id.*  She was also examined by the Binghamton Police Department and a nurse practitioner who found injuries that were consistent with sexual abuse.  *See* Pet., Ex. B, Binghamton Police Investigative Report.

Based on these facts, on July 16, 2004, a grand jury charged Petitioner with a Course of Sexual Conduct Against a Child in the First Degree (N.Y. PENAL LAW § 130.75) for engaging in two or more acts of sexual conduct, including at least one act of sexual intercourse, with M.T. during the Fall of 2001 through the Spring of 2002.  Dkt. No. 17-4, R., Ex. C, Indictment, at p. 3.  Petitioner was arraigned before the New York State Supreme Court, Broome County, on July 28, 2004, where a plea of not guilty was entered on his behalf.  Dkt. No. 17-13,[2] R., Arraignment Tr., dated July 28, 2004, at pp. 1-4.

On April 18, 2005, the day the jury trial was set to commence, the Petitioner, accompanied by his attorney, D. Edwin Lyons, Esq., met with the prosecution and informed the court that the parties negotiated a plea.  Dkt. No. 17-13, R., Plea Hr'g Tr., dated Apr. 18, 2005, at pp. 3-6.

---

[1] Because Petitioner was convicted of a sex offense and included the name of his minor victim in his Petition, this Court directed the Clerk of the Court to seal the Petition so as to maintain the confidentiality of the victim.  Text Order, dated Jan. 31, 2008.  To further preserve confidentiality, we now only refer to the victim by her initials.

[2] The record docketed at 17-13 includes the entire collection of transcripts of state court proceedings.  The transcripts appear, in order, as the following: Arraignment Tr., dated July 28, 2004; Appearance Tr., dated Aug. 26, 2004; Suppression Hr'g Tr., dated Jan. 5, 2005; Mot. Hr'g Tr., dated Apr. 14, 2005; Plea Hr'g Tr., dated Apr. 18, 2005; Appearance Tr., dated June 17, 2005; and Sentencing Tr., dated June 23, 2005.  In the interest of clarity, this Court will refer to each transcript docketed here individually.

Pursuant to his guilty plea, the trial court entered a judgment of conviction against Petitioner to the lesser charge of a Course of Sexual Conduct Against a Child in the Second Degree (N.Y. PENAL LAW § 130.80).  *Id.* at p. 6.  On June 23, 2005, Petitioner was sentenced to two years imprisonment, the minimum determinate sentence associated with this offense, followed by two years of post-release supervision.  *See* Dkt. No. 17-13, R., Sentencing Tr., dated June 23, 2005, at pp. 2-3; *People v. Rivers*, 829 N.Y.S.2d 274, 274-75 (N.Y. App. Div., 3d Dep't 2007).

On July 12, 2005, Petitioner filed a direct appeal in the New York State Appellate Division, Third Judicial Department.  *See* Dkt. No. 17-2, R., Ex. A, Notice of Appeal, at p. A1. Contemporaneously, Petitioner's assigned counsel, Alexander W. Bloomstein, Esq., filed a brief with the Appellate Division asking for permission to withdraw from his representation because Petitioner's case presented "no meritorious issues that could be raised on appeal."  Dkt. No. 17-2, R., Ex. A, Appellant Counsel's Br., at p. 8.  On August 9, 2006, the prosecution filed a letter in response that agreed with Petitioner's counsel's statement of facts and conclusion that the appeal was frivolous.  Dkt. No. 17-3, R., Ex. B.

By a decision and order, dated February 8, 2007, the Appellate Division affirmed the trial court's judgment of conviction against Petitioner and granted Petitioner's counsel's leave to withdraw from representation.  *People v. Rivers*, 829 N.Y.S.2d at 275; Dkt. No. 17-5, R., Ex. D. The court stated that, based on their review of the record, Petitioner "entered a knowing, voluntary and intelligent guilty plea and was sentenced in accordance with the plea agreement."  *People v. Rivers*, 829 N.Y.S.2d at 275.  Petitioner's *pro se* application to the New York Court of Appeals for leave to appeal the Appellate Division's determination was denied on July 3, 2007.  Dkt. No. 17-6, R., Ex. E.

On July 19, 2007, Petitioner moved to vacate the judgment of conviction, pursuant to New York Criminal Procedure Law ("C.P.L") § 440.10. Dkt. No. 17-7, R., Ex. F. Specifically, he claimed that the prosecution withheld favorable evidence in violation of *Brady*[3] and submitted knowingly false and insufficient evidence to the grand jury; that the prosecution's amendment to the indictment made it defective; that his plea of guilty was not voluntary due to mental health issues; and that his defense counsel provided ineffective representation. *See id.*

On September 25, 2007, the county court denied Petitioner's motion. Dkt. No. 17-10, R., Ex. I, Order on 440 Mot., dated Sept. 25, 2007. Contrary to Petitioner's assertions, the court found that Petitioner's trial counsel was not ineffective, but rather made appropriate demands for discovery and a bill of particulars; filed pre-trial motions to dismiss the indictment, suppress certain evidence, and compel disclosure; and secured for Petitioner "a favorable disposition, whereby the [Petitioner] not only was permitted to plead guilty to a lesser charge, but obtain a sentence commitment less than he could have had upon a conviction to the crime as charge[d] []in the indictment." *Id.* at pp. 1-2. Furthermore, the court found that Petitioner's "mental health issues," including his claim of post-traumatic stress syndrome, were revealed in the pre-sentence investigation report and that there was "nothing in the record or in the pre-sentence investigation [that] suggests [Petitioner] had any difficulty communicating with counsel or in understanding the proceedings. Nothing in the record suggests anything but that the guilty plea was knowingly, intelligently and voluntarily entered." *Id.* at p. 2. Lastly, with regard to Petitioner's remaining claims addressing the purported prosecutorial misconduct, including amendments to the indictment, the court declared that Petitioner's motion

---

[3] *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held that the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith of the prosecution." *Id.* at 87.

"should be summarily denied. . . .   The [Petitioner]'s assertions in his affidavit in support of his motion are merely conclusory statements; no new or additional facts outside the record are alleged in support of his claims."   *Id.* (citing C.P.L §§ 440.10(2)).   Petitioner's application for leave to appeal to the Appellate Division was denied on January 14, 2008.   Dkt. No. 15-2, Resp't Mem. of Law, at p. 6 & 8; *see also generally* Pet.[4]

On January 24, 2008, Rivers filed the instant *Habeas Corpus* Petition pursuant to 28 U.S.C. § 2254.   Respondent concedes this Petition has been timely made.   Resp't Mem. of Law at p. 7.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application, of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234679, at *3 (S.D.N.Y. Aug. 28, 2003); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("[F]ederal

---

[4] In their Memorandum of Law opposing Rivers's Petition for *habeas* relief, Respondent states that the Appellate Division's denial of Petitioner's application for leave to appeal is included in the state court records as Exhibit K. However, Exhibit K has not been included in the record provided to this Court.   *See generally* Dkt. No. 17. Because the averment that Petitioner did in fact seek leave to appeal and that the request was denied is not disputed, and because there exists no indication to the contrary in the record, this Court accepts Respondent's and Petitioner's assertion.

habeas corpus relief does not lie for errors of state law.").  The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001) (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams and Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

## B. In Custody Requirement

According to the New York State Department of Corrections and Community Supervision ("DOCCS") website, Rivers was released from confinement on July 15, 2008.  *See* New York State DOCCS, Inmate Population Information Search, *available at* http://nysdocslookup.docs.state.ny.us (last visited May 6, 2011).  Rivers's current status as released from incarceration, however, does not deprive this Court of jurisdiction to entertain his Petition.

The determining consideration for evaluating whether a petitioner meets the "in custody" requirement of the writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254(a), is the petitioner's status on the date his petition was filed.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  There is no question that Rivers meets the in custody requirement.  He filed his Petition for *habeas* relief on January 24, 2008,

while incarcerated at the Mid-State Correctional Facility.  He was therefore in prison "at the time the [P]etition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires." *Id.*

A *habeas* petition may be moot, however, when a *habeas* petitioner has been released from custody after filing a petition.  The relevant inquiry becomes whether a case or controversy under Article III, § 2 of the U.S. Constitution is still presented.  A *habeas* petition challenging a criminal conviction "is not necessarily mooted when the petitioner is released from prison, as collateral consequences of that conviction may still impinge on the petitioner post-release, and therefore a case or controversy may continue to exist." *Perez v. Greiner*, 296 F.3d 123, 125 (2d Cir. 2002) (citing *Pollard v. United States*, 353 U.S. 354, 358 (1957)).  When a term of imprisonment has expired, "some concrete and continuing injury other than the now-ended incarceration or parole – some collateral consequence of the conviction – must exist if the suit is to be maintained." *Spencer v. Kemma*, 523 U.S. at 7.

Though Petitioner completed his sentence, "[t]here remains a live case or controversy due to the collateral consequences that attach to criminal conviction post-release." *United States v. Becker*, 502 F.3d 122, 124 n.1 (2d Cir. 2007) (citing *Perez v. Greiner*, 296 F.3d at 125).  In *Sibron v. New York*, the Supreme Court, noting the various ancillary effects accompanying a criminal conviction, such as deportation, inability to become a citizen, impeachment evidence in future criminal trials, and increased future prison sentences, promulgated a presumption that collateral consequences attach to criminal convictions post-release. 392 U.S. 40, 54-56 (1968).  After *Sibron*, a *habeas* petition challenging a criminal conviction is rendered moot by a release from imprisonment "only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Id.* at 57.  Nothing in the record or submissions before

this Court indicates that there will be no possibility of collateral legal consequences imposed on Petitioner from his conviction of a Course of Sexual Conduct Against a Child in the Second Degree.[5]

Thus, because Rivers was incarcerated in Mid-State Correctional Facility when he filed his Petition, he fulfills the statutory "in custody" requirement, and because, upon information and belief, collateral consequences still exist from Rivers's criminal conviction, his Petition is not rendered moot by his release from custody.

### C. Rivers's Guilty Plea

#### 1. <u>Validity of the Plea</u>

Petitioner claims that he was incompetent to enter a valid plea of guilty.  Specifically, he alleges that he "lacked the ability to accept the negotated [sic] disposition due to a Post Tramatic [sic] Stress disorder and new medication that was being addministerd [sic] to him."  Pet. at p. 11.

When Petitioner raised this claim again in his 440 motion to vacate the trial court's judgment, the Broome County court declared that "[Rivers's] 'mental health issues' . . . were revealed in the pre-sentence investigation report, indicating [Petitioner]'s diagnosis of post-traumatic stress syndrome stemming from a 1993 shooting incident. . . . Nothing in the record suggests anything but that the guilty plea was knowingly, intelligently and voluntarily entered." Dkt. No. 17-10, R., Ex. I, Order on 440 Mot., dated Sept. 25, 2007, at p. 2.[6]  In accord with the AEDPA, we must now determine whether that conclusion constituted an unreasonable application of established federal law.

---

[5] Rather, the record reveals that an order of protection against Petitioner was issued during Sentencing, directing him to "have absolutely no contact whatsoever with the [victim.]"  Sentencing Tr. at p. 3.

[6] As the Appellate Division denied Petitioner's application for leave to appeal the county court's denial of his 440 motion to vacate judgment, *see supra* Part I & note 4, the county court's decision represents the highest state court determination of these factual issues.

A guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).  Here, the trial court's conclusion that Petitioner's guilty plea was "knowingly, intelligently and voluntarily entered" is supported by the record.  A review of the transcript from the plea hearing reveals that Petitioner was informed and aware of the consequences of his guilty plea.  *See* Dkt. No. 17-13, R., Plea Hr'g Tr., dated Apr. 18, 2005.  Petitioner told the court that he had sufficiently discussed the plea with his attorney, and understood that by pleading guilty and admitting he engaged in acts of sexual conduct with a seven-year-old female child he was giving up his right to a jury trial, to confront and cross-examine witnesses, and to offer any defense.  *Id.* at pp. 3-4.  The court asked Petitioner a number of questions to ascertain if his plea was voluntary or was instead the result of duress or coercion, to which Petitioner, who was under oath and represented by counsel, replied that his plea was indeed voluntarily made.  *Id.* at pp. 4-6.

Petitioner's unsupported allegation that he was incompetent to enter a guilty plea is not sufficient to warrant *habeas* relief.  A criminal defendant's self-inculpatory "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Accordingly, such statements "are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) (citations omitted).  Petitioner has not provided evidence that would justify overlooking his statements under oath that he was choosing to plead guilty of his own accord.

Therefore, after a thorough review of the record, we cannot conclude that Rivers's guilty plea violated Petitioner's constitutional rights.  The state court's determination of the claim was not an unreasonable application of established federal law, and we recommend Petitioner's claim be

**denied**.

### 2. Ineffective Assistance of Counsel

Petitioner also complains that he received ineffective assistance from his trial counsel.  Pet. at p. 12 (cont.).  Specifically, Rivers claims that his counsel failed to file appropriate pre-trial motions and improperly pressured him to accept a plea deal.  *Id.*

The Broome County court addressed this claim on the merits, finding that, "[c]ontrary to [Petitioner]'s assertions, counsel for the defendant filed an omnibus motion, including, *inter alia*, a motion to dismiss the indictment pursuant to CPL § 210.30, motions to suppress certain evidence and to compel disclosure.  [Counsel] had also made appropriate demands for discovery and for a bill of particulars."  Order on 440 Mot. at p. 1.  Further, defense counsel "secured for the defendant a favorable disposition, whereby the defendant not only was permitted to plead guilty to a lesser charge, but obtain a sentence commitment less than he could have had upon a conviction to the crime as charge[d] []in the indictment."  *Id.* at p. 2.  Thus, the county court denied Petitioner's claim that his counsel was ineffective.  In accordance with the AEDPA, this Court must decide whether that state court determination constituted an unreasonable application of clearly established federal law.

To establish ineffective assistance of counsel in violation of the Sixth Amendment, a *habeas* petitioner must show that: 1) his attorney's representation was deficient such that it fell below an objective standard of reasonableness measured by the prevailing professional norms; and 2) this deficient performance prejudiced his defense such that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different.  *Bell v. Cone*, 535 U.S. 685, 695 (2002) (citing *Strickland v. Washington*, 466 U.S. 668, 688 & 694

(1984)); *see also Aeid v. Bennett*, 296 F.3d 58, 62-63 (2d Cir. 2002); *Brown v. Artuz*, 124 F.3d 73, 79-80 (2d Cir. 1997); *Rattray v. Brown*, 261 F. Supp. 2d 149, 157 (E.D.N.Y. 2003).[7]  In determining the reasonableness of counsel's representation, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [legal] strategy.'"  *Strickland v. Washington*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

After reviewing the record before us, including the hearing transcripts in their entirety, this Court agrees with the county court that Rivers's defense counsel's representation did not amount to ineffective assistance of counsel.  It is evident that Petitioner's counsel negotiated a favorable plea agreement for Petitioner, who was charged with a Class B felony carrying a maximum prison term of twenty-five years and a minimum sentence of five years imprisonment.  *See* N.Y. PENAL LAW § 70.02(3)(a).  Counsel effectively secured a plea offer where Petitioner was permitted to plead guilty to a Course of Sexual Conduct Against a Child in the Second Degree, instead of in the First Degree, whereas Petitioner would be given a two year prison sentence, which was "the minimum determinate sentence for this offense."  *See People v. Rivers*, 829 N.Y.S.2d 274, 274-75 (N.Y. App. Div., 3d Dep't 2007).

Additionally, Petitioner points to meetings with his attorney where his counsel "stated summarily that regaurdless [sic] of the [P]etitioner['s] innocence if he went to trial he would lose and advised him of plea negoeation [sic].  Trail [sic] counsel had full knowledge of [P]etitioner['s] inabilaty [sic] to understand or rationalize but made no motion for a pycological [sic] exam of the

---

[7] In *Williams v. Taylor*, the Supreme Court declared that "the rule set forth in *Strickland* qualifies as 'clearly established Federal law[.]'"  529 U.S. 362, 391 (2000); *see also Sellan v. Kuhlman*, 261 F.3d 303, 309 (2d Cir. 2001).

[P]etitioner prior to acceptance of plea." Pet. at p. 12 (cont.). These claims, however, as explained above, are belied by Petitioner's statements during the court's plea colloquy. Petitioner admitted his unequivocal guilt to the charge and stated his desire to plead guilty to the crime under his own volition. As already examined by this Court, there is nothing in the record to support anything but the conclusion that Petitioner's plea was knowing, voluntary, and intelligent, and consequently, that Petitioner's counsel performed laudably and effectively in securing Petitioner this plea agreement.

Therefore, we cannot conclude that Rivers's attorney's representation was objectively unreasonable. As such, we need not discuss *Strickland*'s second inquiry of whether the deficient performance actually prejudiced the Petitioner. Because, for the above reasons, the state court's determination of this claim was not an unreasonable application of established federal law, we recommend Petitioner's ineffective assistance of trial counsel claim be **denied**.

### D. Prosecutorial Misconduct

In his Petition, Rivers asserts two claims under the general umbrella of prosecutorial misconduct: 1) that the prosecutor violated the obligation pursuant to *Brady* by failing to disclose to defense counsel until sentencing a statement made by the victim's mother to the police; and 2) that the prosecutor knowingly submitted false testimony to the grand jury. Petitioner has waived both of these claims from federal *habeas* review by his guilty plea. In any event, they are without merit and not cognizable.

### 1. Waiver by Guilty Plea

It is well-settled that a defendant's properly counseled plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "When a criminal defendant has solemnly admitted

in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Id.*; *accord United States v. Coffin*, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [acceptable] standards.") (internal quotations omitted).

As examined above, there is nothing in the record to indicate that Petitioner's decision in the instant case was anything but knowing, voluntarily, and intelligent.  Petitioner did not suffer from ineffective assistance of counsel with regards to his guilty plea.  Accordingly, we find Petitioner's complaints of prosecutorial impropriety, as they relate to proceedings prior to the guilty plea, are waived by his guilty plea.  In any event, as noted below, Petitioner's claims of prosecutorial misconduct lack merit.

## 2. Petitioner's *Brady* Claim is Without Merit

A *habeas* petitioner may be entitled to relief if he shows that the government violated his right to due process by failing to turn over exculpatory material evidence before trial.  *Strickler v. Greene*, 527 U.S. 263 (1999); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963).  To demonstrate a *Brady* violation, a *habeas* petitioner must establish that: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or could have impeached a prosecution witness; (2) the evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued from the withholding.  *See Moore v. Illinois*, 408 U.S. 786, 794-95 (1972); *see also Strickler v. Greene*, 527 U.S. at 281-82.  Evidence

*-13-*

is material only if there is a reasonable probability that disclosure of the evidence to the defense would have changed the result of the proceeding. *United States v. Bagley*, 473 U.S. 667, 682 (1985). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* at 682.

Neither the Second Circuit nor the Supreme Court has specified the timing of disclosure that *Brady* requires, but it is clearly established that "disclosure prior to trial is not mandated." *Leka v. Portuondo*, 257 F.3d 89, 100 (2d Cir. 2001) ("It is not feasible or desirable to specify the extent or timing of disclosure *Brady* and its progeny require, except in terms of the sufficiency, under the circumstances, of the defense's opportunity to use the evidence when disclosure is made.") (citations omitted). All that is required by Supreme Court and Second Circuit precedent is that *Brady* material be disclosed "in time for its effective use at trial." *United States v. Gil*, 297 F.3d 93, 105 (2d Cir. 2002) (quoting *United States v. Coppa*, 267 F.3d 132, 142 (2d Cir. 2001)). Even assuming, *arguendo*, that the evidence in question was exculpatory, Petitioner's guilty plea negated the need for the scheduled jury trial. Therefore, the prosecution did not "suppress" evidence pursuant to *Brady*, as the Petitioner's trial never occurred as a result of his plea of guilty.

Furthermore, Petitioner specifically complains that a statement from his wife, M.T.'s mother, to the police was not made available until the pre-sentence report was produced. Pet. at p. 6. Petitioner does not identify what this purported statement was, nor does he elaborate how it constituted *Brady* material. However, granting *pro se* litigants the leniency afforded in the Second Circuit, *see Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) ("We construe complaints filed by *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest."), this Court turned to Petitioner's 440 motion seeking to vacate the judgment of the trial court in an

*-14-*

attempt to ascertain the identity and content of the alleged exculpatory statement. While it is not apparent from his motion what the statement was, Petitioner did reference statements made in an interview the police had with M.T.'s mother. In the interview, she stated that she did not believe her husband sexually abused her daughter, proffered an alternative explanation that M.T. was lying, and stated that during the past eight years she had been with Petitioner she would not allow Petitioner to be alone with her children, but that she could not explain to the interviewing officers why. *See* Pet., Ex. B, Binghamton Police Department Report, undated. To be sure, it is unclear how this evidence would constitute exculpatory material under *Brady* inasmuch as these statements are conclusory rather than factual. Accordingly, Petitioner has failed to demonstrate that the prosecutor "suppressed" evidence within the meaning of *Brady* and he therefore does not raise a valid claim.

### 3. Petitioner's Claim Regarding Prosecution's Evidence Before the Grand Jury is Not Cognizable

Turning to Petitioner's claims regarding the evidence the prosecution presented before the grand jury, notwithstanding the waiver of such claim by virtue of the guilty plea, this claim does not present a federal question and is therefore not cognizable on federal *habeas* review.

Petitioner complains that the prosecution "allow[ed] testimony and/or evidence that [they] knew to be false to be presented to the grand jury." Pet. at p. 7. Petitioner does not elaborate on what exactly was presented to the grand jury that he claims was false in either his Petition or 440 motion.[8] Regardless, Petitioner's claim cannot serve as a basis for *habeas* relief. It is well settled that claims of deficiencies in state grand jury proceedings are not cognizable in federal *habeas corpus* proceedings. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (citing *United States v.*

---

[8] Instead of identifying what offensive statements were presented to the grand jury, the Petitioner in his 440 motion only states that "[t]he inspection of the Grand Jury minutes will reveal what evidence was presented to the Grand Jury." Dkt. No. 17-7, R., Ex. F, Pet. 440 Mot., at p. 4.

*Mechanik*, 475 U.S. 66, 70 (1986)).  Indictment by a grand jury is a right granted by the New York

State Constitution, *see* N.Y. CONST. ART. 1, § 6 (McKinney 2002), but there is no corresponding

right to a grand jury in a state criminal prosecution to be found in the United States Constitution.

*See Fields v. Soloff*, 920 F.2d 1114, 1118 (2d Cir. 1990) (noting the Fifth Amendment right to an

indictment by a grand jury does not apply to the states as it is not incorporated by the due process

clause of the Fourteenth Amendment); *see also People v. Iannone*, 384 N.E.2d 656, 659 n.3 (N.Y.

1978) ("The right to indictment by a Grand Jury in New York is dependent solely upon our State

Constitution, since the Grand Jury provision contained in the Fifth Amendment to the Federal

Constitution is not applicable to the States.") (citing *Hurtado v. California*, 100 U.S. 516 (1884)).

In view of this well-established precedent, claims based on alleged defects in grand jury proceedings

are not reviewable in a petition for federal *habeas* relief.  Accordingly, Petitioner's claim herein is

not cognizable on *habeas* review.

### E. Amendment to the Indictment

Rivers asserts in his Petition that the prosecution's amendment of the indictment rendered

the instrument legally insufficient.  Pet. at p. 9.  Specifically, Petitioner claims that "[d]uring a

Pretrial hearing held on April 14, 2005 the prosecution moved to strike stautory [sic] "and/or"

language[.]" *Id.*[9]  This claim, which appeared in Petitioner's 440 motion, was addressed succinctly

---

[9] The indictment, which accused Petitioner of a Course of Sexual Conduct Against a Child in the First Degree, stated that Petitioner engaged in, "over a period of time not less than three months in duration . . . two or more acts of sexual conduct, which includes at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual conduct, with a child less than eleven years old." Dkt. No. 17-2, R., Ex. A, Indict., at p. A4.  Upon demand, the prosecution provided a Bill of Particulars, stating specifics such as the exact location in the City of Binghamton that the crime allegedly occurred, as well as the approximate time period – between the Fall of 2001 and the Spring of 2002. Dkt. No. 17-2, R., Ex. A, Bill of Particulars, at pp. A31-A32.  At a hearing held on April 14, 2005, the prosecution  and trial court clarified the indictment by replacing every instance of "and/or" between "sexual intercourse and/or oral sexual conduct and/or anal sexual conduct" with "and" alone, thus alleging that all three forms of sexual conduct did in fact happen. *See* Dkt. No. 17-13, R., Mot. Hr'g Tr., dated April 14, 2005, at pp. 10-21.

by the Broome County court, citing C.P.L. § 440.10 (2), and further citing C.P.L. §§ 440.30 (4)(b) and (d) because Petitioner's "assertions in his affidavit in support of his motion are merely conclusory statements; no new or additional facts outside the record are alleged in support of his claims."  Order on 440 Mot. at p. 2.

Petitioner's claim, however, like his claims of prosecutorial impropriety, is waived by his guilty plea.  *See supra* Part II.D.1.  Again, "[t]he settled rule is that a defendant who knowingly and voluntarily enters a guilty plea waives all nonjurisdictional defects in the prior proceedings." *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir. 1989).  Rivers's knowing, intelligent, and voluntary plea of guilty to the charges in the indictment consequently bar him from now attacking his conviction by arguing that his indictment was legally insufficient, or that his attorney should have moved to dismiss the indictment.[10]  *See Scott v. United States*, 2011 WL 115087, at *4 (E.D.N.Y. Jan. 13, 2011) (citing *Lear v. Poole*, 711 F. Supp. 2d 288, 298 (W.D.N.Y. 2010) & *Schwartz v. Connell*, 2006 WL 3549660, at *4-5 (S.D.N.Y. Dec. 6, 2006)).

Alternatively, even if Petitioner's claim was not waived by his plea of guilty to the charges in the indictment, the claim is procedurally defaulted as it was decided by the county court on an independent and adequate state ground.

Federal *habeas* review of a state-court conviction is prohibited if a state court rested its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment."  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted) (noting that

_____

[10] Petitioner claimed in his 440 motion that his "counsel did not object to any of the defective motions filed[.]"  Dkt. No. 17-7, R., Ex. F, Pet. 440 Mot., at p. 4.  However, the county court noted that, "[c]ontrary to [Petitioner]'s assertions, counsel for [Petitioner] filed an omnibus motion, including, *inter alia*, a motion to dismiss the indictment pursuant to CPL § 210.30, motions to suppress certain evidence and to compel disclosure."  Order on 440 Mot. at p. 1.  A review of the record in its entirety clearly confirms the court's findings.  *See* Dkt. No. 17-2, R., Ex. A, Appellant's Br. at p. 2 & Omnibus Mot. at pp. A16-A18.

federal court resolution of the federal issue would merely be advisory where the state judgment is supported by independent and adequate state grounds); *see also Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *Cotto v. Herbert*, 331 F.3d 217, 238 (2d Cir. 2003); *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999); *Levine v. Comm'r of Corr. Servs.*, 44 F.3d 121, 126 (2d Cir. 1995). "This rule applies whether the state law ground is substantive or procedural." *Coleman v. Thompson*, 501 U.S. at 729 (citation omitted). The independent and adequate state ground doctrine is jurisdictional, thus, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of the federal claim in a *habeas* petition. *Harris v. Reed*, 489 U.S. at 264 n.10.

In the denial of Petitioner's 440 motion, the county court found Petitioner's claim should be summarily denied pursuant to C.P.L. § 440.10 (2).[11] Furthermore, citing C.P.L. §§ 440.30 (4)(b) and (d), the court found that Petitioner failed to support his claim with "allegations substantiating or tending to substantiate all the essential facts," or that these "allegations . . . (i) [were] contradicted by a court record or other official document, and (ii) under these . . . circumstances attending the case, there is no reasonable possibility that such allegation is true." By denying the claim on these bases, the court decided the claim on state procedural rules independent of any federal question. Furthermore, this procedural bar is adequate, for purposes of *habeas* review, as it is based on a rule that is "'firmly established and regularly followed' by the state in question." *Garcia v. Lewis*, 188 F.3d at 77 (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). The denial of a claim under C.P.L. § 440.10(2) is firmly established and regularly followed, as shown by relevant case law. *See*,

---

[11] C.P.L. § 440.10(2) details when the reviewing court must deny a motion to vacate a judgment, such as when "sufficient facts appear on the record . . . to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, [but] no such appellate review or determination occurred owing to defendant's unjustifiable failure to take or perfect an appeal[.]" *See* C.P.L. § 440.10(2)(c).

*e.g.*, *Veras v. Strack*, 2000 WL 8249, at *1 (S.D.N.Y. Jan. 4, 2000) (citing, *inter alia*, *Dorsey v. Irvin*, 56 F.3d 425 (2d Cir. 1995)).  Therefore, because the state law ground relied upon when deciding this claim was independent of the federal question and adequate to support the decision of the state court, Petitioner's challenge to the amendments to the indictment is procedurally barred in this Court.

When a claim in a federal *habeas* petition is procedurally defaulted, it cannot be heard by the federal reviewing court "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[12] *Coleman v. Thompson*, 501 U.S. at 750; *Ramirez v. Attorney Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000) (citing *Coleman*).  To establish legal cause for his or her procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with New York's procedural rules.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Restrepo v. Kelly*, 178 F.3d 634, 638 (2d Cir. 1999).  Examples of external factors include interference by officials, ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial nor on direct appeal.  *Murray v. Carrier*, 477 U.S. at 488.

Petitioner has not demonstrated legal cause sufficient to excuse the procedural default of his claim.  As previously examined, Petitioner did not suffer ineffective assistance of counsel.  Rivers has not alleged or stated any other facts that would support a finding of cause for his procedural

---

[12] This final exception, however, is intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir. 1994).

default. Inasmuch as he cannot establish such cause, this Court need not decide whether he also suffered actual prejudice as to this claim because federal *habeas* relief on the basis of a procedurally defaulted claim is unavailable unless both cause and prejudice are demonstrated. *See, e.g.*, *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Pou v. Keane*, 977 F. Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.) (citing *Stepney*). Moreover, Petitioner has not established that a fundamental miscarriage of justice would occur if the Court could not adjudicate his federal claims such that he is actually innocent of the crime he was convicted of.

Accordingly, because this claim was waived by Petitioner's guilty plea, and, alternatively, is procedurally defaulted and barred from federal review as previously decided on an independent and adequate state law ground, we recommend this claim be **denied**.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* (Dkt. No. 1) be **DENIED**; and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should be issued with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   September 9, 2011
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

*-21-*